```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

          - against -                    MEMORANDUM AND ORDER

DANIEL DELVALLE,                         16 Crim. 174 (NRB)

                    Defendant.
-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is a motion filed by defendant Daniel Delvalle ("Delvalle" or "defendant") for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). See ECF Nos. 30, 31. Delvalle is currently incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania, and his projected release date is September 1, 2031.[1] For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Between 2008 and 2013, defendant led a drug trafficking crew (the "Delvalle Crew") that operated in the vicinity of the E. Roberts Moore Houses, a New York City Housing Authority development located in the Bronx. Presentence Investigation Report ("PSR")

---

[1] See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited December 23, 2024).

dated Aug. 28, 2017, ¶ 6; see United States v. Delvalle, et al., 12 Crim. 732 (VEC). On November 26, 2013, following an investigation into the Delvalle Crew, defendant pled guilty to participation in a conspiracy to distribute and possession with the intent to distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. See Delvalle, 12 Crim. 732 (VEC). He was sentenced by Judge William H. Pauley III on June 4, 2014 to 120 months' imprisonment, the statutorily mandated minimum sentence for such charges. Id., ECF No. 153.

During the course of its investigation into the Delvalle Crew, the Government learned that the defendant and other members of his crew had orchestrated the murder of Kenya Miller, an associate of a rival crew operating in the same area. PSR ¶ 12. As a result, on January 28, 2016, the defendant was charged in a two-count Indictment with Miller's murder. ECF No. 1. Delvalle subsequently pled guilty to using and carrying a firearm in furtherance of the drug trafficking conspiracy and aiding and abetting the use, carrying, and possession of a firearm, and in the course of that crime causing the death of Kenya Miller through the use of a firearm, in violation of 18 U.S.C. § 924(j). ECF No. 12. On May 10, 2018, this Court imposed a sentence of 156 months' imprisonment, to run consecutively to the 120-month sentence the

defendant was serving at the time, as well as 5 years' supervised release, to be served concurrently with the five-year term of supervised release imposed by Judge Pauley.  ECF Nos. 22, 23.

On October 12, 2022, defense counsel wrote to this Court to request re-appointment, stating that the defendant wished to submit a motion for a sentence reduction pursuant to 18 U.S.C. § 3582. ECF No. 28.  The Court granted defense counsel's application on October 13, 2022.  ECF No. 29.

On December 15, 2023, defendant submitted a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act.[2]  ECF No. 30 ("Mot.").  He filed a supplemental letter in support of his request on July 29, 2024. ECF No. 31 ("Supp. Mot.").  The Government filed a letter response in opposition to defendant's motion on September 3, 2024, ECF No. 35 ("Opp."), and the motion was fully briefed on October 4, 2024, ECF No. 36 ("Reply").

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a court may, after considering the facts set forth in 18 U.S.C. § 3553(a), reduce a defendant's term of imprisonment if "it finds that . . .

---

[2] The Court regrets its failure to address defendant's December 15, 2023 motion within a reasonable time.  This resulted from an internal administrative oversight.

extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A motion for compassionate release is "not an opportunity to second guess or to reconsider the sentencing court's original decision." United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal quotations omitted). Rather, the defendant bears the burden of proving the existence of "extraordinary and compelling reasons" for the reduction of his sentence. United States v. Castelle, No. 18 Crim. 15 (AKH), 2022 WL 4536798, at *1 (S.D.N.Y. Sept. 28, 2022).

Defendant alleges that the following extraordinary and compelling circumstances warrant a reduction in his 156-month sentence: (1) his purported rehabilitation; (2) his age at the time of the offense conduct; (3) his conditions of confinement as a result of the COVID-19 pandemic; (4) government policy changes regarding sentencing in crack cocaine offenses; and (5) family circumstances. Having carefully considered defendant's assertions, we find that, even taken together, these arguments do not rise to the level of extraordinary and compelling.

First, defendant represents that he has been rehabilitated during his term of imprisonment, referencing his "participat[ion] in numerous programs, courses and employment opportunities[,]" including his assistance with teaching ESL classes, completion of

Special Housing Unit programs, and employment in the UNICOR program at FCI Schuylkill. Mot at 2. While defendant's efforts to participate in such programs are admirable, this Court cannot overlook his behavioral record while in prison, which includes two serious drug offenses that occurred in 2018 and 2020.[3] Opp. at 8; ECF No. 35-3. As the Government notes in its opposition, these drug offenses are particularly concerning given defendant's history with drug use and abuse, as well as his prior statements to this Court that his drug use contributed to his commission of the instant offense. Opp. at 8 (citing ECF No. 23 at 12-13). Even if defendant's disciplinary record was more encouraging, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason [warranting compassionate release]." United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020 (quoting 28 U.S.C. § 994(t)) (emphasis omitted); accord U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13(d). Indeed, "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." United States v. Saleh, No. 93 Crim. 181 (WHP), 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020). Therefore, defendant cannot

---

[3] Notably, defendant's disciplinary record includes a total of nine infractions, six of which occurred after his May 2018 sentencing in this case. ECF No. 35-3.

demonstrate that his purported rehabilitation is, by itself, an extraordinary and compelling reason to reduce his sentence.

Next, defendant claims that, "in light of the evolving scientific research on brain development," his youth at the time of the offense should be considered an extraordinary and compelling circumstance sufficient to support the reduction of his sentence. Mot. at 5. However, as the Government notes in its opposition, the defendant was nearly twenty-four years old at the time of his offense. Opp. at 9. Further, his conduct did not display the hallmarks of youth frequently considered by courts when reducing a sentence based on a defendant's age, such as rash decision-making or the influence of peer pressure. Compare United States v. Ramsay, 538 F. Supp. 3d 407, 424 (S.D.N.Y. 2021) (reducing mandatory life sentence imposed on 18-year-old defendant who made "a split-second, hot-headed choice . . . in the presence of peers"); with United States v. Rosario, No. 96 Crim. 126-23 (KPF), 2024 WL 3521851, at *7 (S.D.N.Y. July 24, 2024) (declining to reduce sentence of youthful defendant who "coldly and calmly ordered the execution of" the victim). Rather, this Court noted at sentencing that the severity of the sentence imposed was appropriate due to, among other things, "the premeditation of the crime[.]" ECF No. 21 at 18:13-16. This Court also considered

defendant's age and life circumstances at the time of the offense when it chose to impose a sentence substantially below the Guidelines range of 325 to 405 months' imprisonment.[4]  ECF No. 21. Given the premeditated nature of his crime and the below-Guidelines sentence imposed by this Court, defendant's relative youth at the time of the murder is not sufficient to establish an extraordinary and compelling reason for relief.[5]

Third, defendant asserts that he has experienced "harsh conditions" caused by the COVID-19 pandemic -- namely, restrictive lockdowns, a lack of social visits, and the suspension of educational programs, treatment programs, work opportunities, and recreation time.  Mot. at 5-6.  However, "the conditions universally applicable to all inmates at a given facility, including conditions instituted during the pandemic, do not give rise to extraordinary and compelling circumstances."  United

---

[4] In his supplemental letter motion, defendant cites a November 1, 2024 amendment to the Sentencing Guidelines providing that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses."  Supp. Mot. at 3 (citing Amendment, U.S.S.G. § 5H1.1 Age (Policy Statement), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202405_RF.pdf, at 25-26).  As noted above, the Court accounted for Delvalle's age at the time of his sentencing, and the Court imposed a sentence well below the range provided by the Sentencing Guidelines. Any subsequent adjustments to the Sentencing Guidelines policy simply do not provide this Court with an extraordinary or compelling reason to depart even further from the prescribed Guidelines range.

[5] We note also that a defendant's youthful age is not listed as a circumstance constituting an extraordinary and compelling reason for relief under U.S.S.G. § 1B1.13(b).

States v. Lawrence, No. 19 Crim. 437 (AKH), 2022 WL 4000904, at *3 (S.D.N.Y. Sept. 1, 2022); see also United States v. Santana, No. 12 Crim. 790 (PAE), 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023) ("[G]eneralized statements about prison conditions untethered to compelling specifics of the defendant's particular circumstances do not make the defendant's conditions 'extraordinary and compelling.'").  If "the challenging conditions of confinement caused by the pandemic warranted a sentence reduction[,] . . . essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction." United States v. Ramirez, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021). Defendant has not suggested that he is "at increased risk of suffering severe medical complications or death as a result of" his exposure to the pandemic, nor has he established that any risk from the pandemic could not be "adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D).  As of January 3, 2025, there was only one positive case of COVID-19 among inmates at U.S. Penitentiary Canaan.[6]  Accordingly, where, as here, defendant describes only general challenges caused by the pandemic, such

---

[6] See Inmate COVID-19 Data, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited January 3, 2025).

conditions do not amount to an extraordinary and compelling circumstance sufficient to justify a reduction of his sentence.

Next, defendant argues that changes in U.S. Department of Justice ("DOJ") policies regarding charging and sentencing recommendations in crack cocaine cases warrant a reduction in his sentence.[7] Mot. at 6-8. Defendant contends that, if the prosecutors in his 2012 case had followed these revised policies, as described in a December 2022 memorandum issued by DOJ (the "Garland Memo"), he likely would not have been subject to the ten-year statutory mandatory minimum and would have instead been charged under 21 U.S.C. § 841(b)(1)(B), which provides for a five-year mandatory minimum. See Mot. at 7. Moreover, defendant contends that his Guidelines range at sentencing would have been 51 to 63 months' imprisonment. Id.

However, such arguments are irrelevant to the motion presently before the Court. As an initial matter, the defendant has already finished serving his 10-year sentence for his

---

[7] Defendant references a December 16, 2022 memorandum in which the U.S. Department of Justice ("DOJ") updated its policies regarding charging and sentencing recommendations in crack cocaine cases, providing that prosecutors should charge and advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine. See Mot. at 6-7 (citing "Memorandum for All Federal Prosecutors: Additional Department Policies Regarding Charging, Pleas and Sentencing in Drug Cases," at 4-5, available at https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_additional_department_policies_regarding_charges_pleas_and_sentencing_in_drug_cases.pdf).

conviction involving crack cocaine. Further, the Garland Memo explicitly states that it was "not intended to create a substantive or procedural right or benefit" but was instead "intended solely for the guidance of attorneys from the government[.]" ECF No. 35-4 at 5, n.4. This "guidance" need not be followed. Moreover, the Garland Memo "does not forbid prosecutors from seeking mandatory minimum sentences in crack cocaine cases[,]" and this Court will not "speculate as to what charging or sentencing decision would be made today[.]" United States v. Anderson, No. 19 Crim. 771 (VB), 2023 WL 1070220, at *2 (S.D.N.Y. Jan. 27, 2023). Thus, the mere fact that the Garland Memo promulgated new, non-retroactive charging and sentencing guidance with respect to offenses involving crack cocaine does not constitute an extraordinary or compelling reason to reduce defendant's lawfully imposed sentence for a separate murder charge.[8]

Defendant further asserts that the recent death of his 17-year-old son's mother constitutes an extraordinary and compelling reason for compassionate release, noting that the Sentencing Commission has explicitly categorized the death of a defendant's

---

[8] We note also that U.S.S.G. § 1B1.13(b)(6) provides that a change in the law may be considered only when the defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" Where, as here, defendant was sentenced to the statutorily mandated minimum of 120 months' imprisonment, his sentence cannot be considered "unusually long."

minor child's caregiver as an extraordinary and compelling reason to grant a sentence reduction under 18 U.S.C. § 3582. Supp. Mot. at 1 (citing U.S.S.G. § 1B1.13(b)(3)(A)). However, as the Government notes, defendant's son currently lives with his maternal grandmother and is not without a "caregiver" within the meaning of U.S.S.G. § 1B1.13(b)(3)(A). Opp. at 12. Although defendant states that his child's maternal grandmother was recently laid off from her job and has no earned income, defendant has not shown that she is incapacitated or unable to care for his son. See United States v. Cajigas, No. 08 Crim. 391 (VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020) (declining to reduce sentence where defendant "made no showing that his fiancé is unable to care for their daughter without him, and . . . has been doing so over the past few months"). In short, the circumstances he describes are not sufficient to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Finally, even if Delvalle could establish an extraordinary or compelling reason for the reduction of his sentence, the factors set forth in 18 U.S.C. § 3553(a) weigh decidedly against doing so. As an initial matter, the nature and circumstances of defendant's offense remain serious: he ordered an associate to murder a member of a rival drug trafficking organization, an individual he knew

and whose family he had known from his childhood.  PSR ¶¶ 6-9; ECF No. 23 at 15-19.  This factor, on its own, is sufficient to justify defendant's 156-month sentence, which, as noted above, is well below the recommended Guidelines range of 325 and 405 months.

Ultimately, the sentence imposed is necessary to reflect the seriousness of the defendant's conduct and provide just punishment.  See 18 U.S.C. § 3553(a)(2)(A), (C).  Further, this sentence is in line with the sentences given to similarly situated defendants.  There is no unwarranted disparity between defendant's sentence and those of defendants with similar records who have been found guilty of similar conduct.  See U.S.C. § 3553(a)(6).  In sum, the Court's sentence was appropriate when issued, and it does not weigh the § 3553(a) factors differently now.

## CONCLUSION

For the reasons stated above, defendant's motion for compassionate release is denied.  Furthermore, because defendant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).  Coppedge v. United States, 369 U.S. 438, 444 (1963).

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 30.

**SO ORDERED.**

Dated:   January 13, 2025
         New York, New York

                                          _____
                                             NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE